IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 12-cv-01082-CMA-KLM

JUAN A. OLIVARES,
JUSTINO MENDOZA-ORTIZ,
GABRIEL VERGARA, and
LENIN ALFREDO CASTREJON-TELLEZ,

    Plaintiffs,

v.

UFP LAFAYETTE, LLC,

    Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS**

This Fair Labor Standards Act ("FLSA") case is before the Court on the unopposed motion of Plaintiffs Juan A. Olivares ("Olivares") and Justino Mendoza-Ortiz ("Mendoza-Ortiz") for an award of reasonable attorney fees and costs spent successfully prosecuting their claims.  (Doc. # 42.)

## I. BACKGROUND

On September 12, 2012, Defendant, UFP Lafayette, LLC, made an offer of judgment to Olivares and Mendoza-Ortiz for $5,420 and $4,580, respectively, plus reasonable costs and attorney fees to be determined by the Court.  (Doc. ## 38-1, 39-1.)  Both Plaintiffs accepted Defendant's offer which, at the time it was made, constituted for each Plaintiff more than 100% of his maximum FLSA recovery from

Defendant. (*See* Doc. # 42 at 2-3.) On November 30, 2012, Plaintiffs moved for attorney fees and costs. (*Id.*) The Court granted Defendant's Motion for Extension of Time and gave Defendant until January 3, 2012, within which to file a response to Plaintiffs' Motion. To date, Defendant has not filed any response to Plaintiffs' motion nor has the Court been informed that the matter has been resolved. As such, the Court construes Plaintiffs' motion as unopposed. *See, e.g.*, Wright v. Twin City Fire Ins. Co., No. 11-cv-03181, 2013 WL 511984, at *4 (D. Colo. Feb. 12, 2013) (unpublished) (reaffirming court's previous decision to construe defendant's fee petition as unopposed when plaintiff failed to respond to it).

## II. DISCUSSION

### A. ATTORNEY FEES

To be awarded attorney fees, Plaintiffs must prove: (1) that each was a "prevailing party" in the proceeding; and (2) that the amount of fees requested is "reasonable." *James v. Fenske*, 10-cv-02591, 2013 WL 656821, at *1 (D. Colo. Feb. 22, 2013) (unpublished).

No doubt exists that Plaintiffs were the prevailing parties here, given that they both recouped more than 100% of the maximum FLSA recovery. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1988) (noting that plaintiffs are typically considered "prevailing parties" if "they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit"). As to the reasonableness of the fees requested, the analysis begins by determining the "lodestar" amount, which is calculated by multiplying the number of hours reasonably worked by a reasonable

hourly rate.  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  Once determined, this lodestar amount is presumed valid but can be altered in certain situations.  *See, e.g.*, *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (noting that the "presumptively reasonable fee . . . may in rare circumstances be adjusted to account for the presence of special circumstances").

In the instant case, both the number of hours worked and the hourly rate billed by Plaintiffs' counsel are reasonable.  Lead counsel, Andrew H. Turner, billed 100.80 hours at $280/hour, while his colleague, Naomi Y. Perera, billed 14 hours at $200/hour.  (*See* Doc. # 42.)  Plaintiffs' motion and supporting exhibits demonstrate that they are not seeking compensation for duplicative work or for time spent on other claims that were not ultimately pursued in this action.  (*See id.*)  Rather, the time representing Plaintiffs was well-spent: "drafting the Complaint; drafting, reviewing and responding to discovery; performing legal research; meeting with Plaintiffs Olivares and Mendoza-Ortiz and keeping them informed of the status of the action; and finally negotiating the settlement."  (*Id.* at 6.)  Similarly, the hourly rates being billed are in keeping with local attorneys with comparable experience.  (*See* Doc. ## 42-4, 42-5, 42-6, 42-7, 42-8.)  Accordingly, the $31,024 lodestar amount Plaintiffs seek is reasonable (100.80 x 280 + 14 x 200).  Plaintiffs do not assert, nor does the Court find, that special circumstances exist such that this presumptively reasonable fee should be adjusted.  Accordingly, the Court awards the sum of $31,024 in reasonable attorney fees to Plaintiffs.

**B.     COSTS**

Plaintiffs also seek reimbursement for their costs of $395. (Doc. # 42 at 4.) This amount consists of the $350 filing fee they paid to initiate this action, as well as a $45 cost to serve Defendant with process. (*Id.*) These amounts are properly recoverable under the FLSA. *See* 29 U.S.C. § 216(b); *see also Peterson v. Mortg. Sources, Corp.*, No. 08-2660, 2011 WL 3793963, at *9 (D. Kan. Aug. 25, 2011) (unpublished). Accordingly, the Court awards $395.00 in costs to Plaintiffs.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' "Petition for Attorney's Fees and Costs" (Doc. # 42) is GRANTED, and judgment in the total amount of $31,419, representing $31,024 in attorney fees and $395.00 in costs, is entered in favor of Plaintiffs and against Defendant.

DATED:  June   10  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge